**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RALPH N. WHITE and MOLLY S. WHITE,**

                **Plaintiffs,**

-vs-                                            Case No. 6:10-cv-1303-Orl-31DAB

**DON MEALEY IMPORTS, INC., AMERICAN HONDA FINANCE CORPORATION, and ROLFE & LOBELLO, P.A.,**

                **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion for Relief From Stay (Doc. 56) filed by Defendant American Honda Finance Corporation ("AHFC"), this Court's Order to Show Cause (Doc. 57), and the response (Doc. 60) filed by the Plaintiffs.

## I.   Background

The Plaintiffs filed the instant suit on August 31, 2010. In their 67-page Complaint (Doc. 1), the Plaintiffs alleged that during their September 2006 purchase of a 2006 Acura from Defendant Don Mealey Imports, Inc. ("Don Mealey") and subsequently, one or more of the Defendants violated, *inter alia*, Florida's Motor Vehicle Retail Sales Finance Act, Florida's Deceptive and Unfair Trade Practices Act, the Racketeer Influenced and Corrupt Organizations Act, the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act among many others. The Plaintiffs also asserted that one or more of the Defendants

defrauded them in several different ways, committed usury, were unjustly enriched, and conspired to commit numerous crimes among other purported misdeeds.

Defendant Don Mealey sought to compel the Plaintiffs to arbitration, based on an arbitration agreement signed by the Plaintiffs on the day they purchased the car. (Doc. 21). The Plaintiffs denied ever signing an arbitration agreement and asserted that the signatures on the documents in Don Mealey's possession were forgeries. (Doc. 28 at 2). Magistrate Judge Baker held an evidentiary hearing on the matter. After hearing testimony from Ralph White, from the finance manager who dealt with the Whites when they purchased the Acura, and from a handwriting expert who compared the signatures on the arbitration agreement with 14 known signatures of the Whites, Magistrate Judge Baker concluded that the signatures on the arbitration agreement were legitimate and recommended that the Plaintiffs be compelled to arbitrate. (Doc. 43 at 9).

On February 24, 2011, this Court confirmed and adopted Magistrate Judge Baker's report and recommendation, finding that the Whites did indeed sign the arbitration agreement. (Doc. 47 at 1). The Court granted the motion to stay the case and compel arbitration. (Doc. 47 at 1). Within the order granting that motion, the Court ordered the parties to file and serve a status report regarding the arbitration proceedings on or before June 1, 2011 and every three months thereafter until the arbitration proceedings were concluded. (Doc. 47 at 2). The Plaintiffs appealed the order, but the appeal was dismissed.

On May 27, 2011, the Plaintiffs filed their first status report (Doc. 52). In it, they stated that, in light of the dismissal of their appeal, they had "therefore contacted the American Arbitration Association and obtained additional information on the Arbitration process" and that

they were "in the process of seeking an Administrative Fee Waiver and/or deferral of fees." (Doc. 52 at 1-2). On August 31, 2011, the Plaintiffs filed their second status report (Doc. 55). In it, they repeated that they were in the process of obtaining additional information about the arbitration process and were seeking a waiver or deferral of fees. (Doc. 55 at 2). The Plaintiffs also informed the Court that arbitration had not yet commenced "as Plaintiffs continue to explore the Arbitration process and cost associated." (Doc. 55 at 2). In addition, the Plaintiffs added, "Defendant Don Mealey Imports, Inc. has not yet initiated its demand with the American Arbitration Association." (Doc. 55 at 2).

Three weeks later, AHFC filed the instant motion. Noting that it was not a party to the arbitration agreement that the Plaintiffs had signed, AHFC sought relief from the stay to obtain a writ of replevin or, in the alternative, to pursue a replevin action in state court.

The Plaintiffs offer little counterargument. The bulk of their response deals with irrelevancies, such as whether the instant dispute is sufficiently related to the purchase of the Acura so as to be arbitrable or what circumstances permit a party to avoid its commitment to arbitrate – arguments which AHFC has not made. In regard to AHFC's actual argument – *i.e.*, that it is not a party to the arbitration agreement – the Whites asserted that AHFC was "an assignee" and an "active third party participant." (Doc. 60 at 10). But they offer no evidence in support of these conclusory assertions, and no argument in support of the notion that being an assignee or an active third party participant would impose upon AHFC an obligation to arbitrate. Accordingly, the motion will be granted and the stay will be lifted as to AHFC. Given the state court's greater familiarity with replevin proceedings, the Court will allow AHFC to proceed with a separate state court action for the replevin and sale of the subject 2006 Acura.

In consideration of the foregoing, it is hereby

**ORDERED** that the the Motion for Relief From Stay (Doc. 56) is **GRANTED**, as set forth above.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 24, 2011.

_____
 GREGORY A. PRESNELL
 UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party